———o———

THE CHILLICOTHE SAVINGS ASSOCIATION, Plaintiff in Error, vs. JOSEPH RUEGGER, JOHN W. TOPPASS, et al., Defendants in Error.

1. *Practice, civil—Allegation as to existence of corporation—What sufficient.*— In suit by a corporation, an averrment that plaintiff was a corporation "duly incorporated under and by virtue of an act of the General Assembly of the State of Missouri entitled," etc., was a sufficient allegation of plaintiff's corporate existence.

*Error to Livingston Circuit Court.*

*Collier & Mansur,* for Plaintiff in Error, cited Mut. Ben. Life Ins. Co. vs. Davis, 12 N. Y., 569 ; N. Y. Floating Derrick Co. vs. N. J. Oil Co., 3 Duer., 648 ; Elizabethport Manuf. Co. vs. Campbell, 13 Abb. Pr., 86 ; Oswego & Syracuse Plank Road Co. vs. Rust, 5 How. Pr., 390 ; Pres. U. S. Bank vs. Haskins, 1 John Car., 132, and n. s, p. 135 ; Ang. & Ames Corp., 9 ed., §§ 632–3, and Van Sank. Plead., pp. 314, 519, 743 ; Stoddard vs. Onand Am. Conf., 12 Barb., 575.

*Normille,* for Defendants in Error.

HOUGH, Judge, delivered the opinion of the court.

This was an action on a promissory note alleged to have been executed by the defendants Ruegger, Toppass and Broaddus to the defendant Platter, and by him indorsed to the plaintiff.

The petition averred that the plaintiff was a corporation, duly incorporated under and by virtue of an act of the General Assembly of the State of Missouri, entitled "An act to organize savings associations, and to facilitate exchange," approved February 15th, 1864. Defendant Platter objected to this averment as being indefinite and uncertain, in that it failed to state any act or thing done by said plaintiff, showing that it had been legally incorporated, and " because none of the traversable acts necessary to constitute a legal corporation are stated in plaintiff's petition," and moved the court to require plaintiff to make said allegation definite and certain.

This motion was by the court sustained, and the plaintiff declining to plead further, the court dismissed its petition and rendered judgment against it for costs, and plaintiff brings the cause to this court by writ of error.

The corporate existence of the plaintiff was sufficiently alleged. Substantive facts only need be averred, and not the evidence necessary to establish such facts. The motion was frivolous and should have been overruled.

The judgment is reversed and the cause remanded. All the judges concur.